**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **PETITION FOR HABEAS CORPUS** |
| vs. | ) | **RELIEF UNDER 28 U.S.C. § 2255** |
| | ) | |
| Randolph Lone Fight, | ) | |
| | ) | Case No. 4:09-cr-003 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Randolph Lone Fight, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-cv-075 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence, By A Person In Federal Custody" filed on September 19, 2011. See Docket No. 45. On October 11, 2011, after an initial review of the motion, the Court ordered the Government to file a response within sixty days. See Docket No. 46. On November 30, 2011, the Government filed a response in opposition to the motion. See Docket No. 47. The Petitioner filed a reply brief on December 12, 2011. See Docket No. 48. For the reasons set forth below, the petition is denied.

# I.     BACKGROUND

On January 13, 2009, Randolph Lone Fight was indicted on three counts of involuntary manslaughter.  <u>See</u> Docket No. 1.  On June 29, 2009, Lone Fight pled guilty to all three counts.  <u>See</u> Docket No. 23.  On October 27, 2009, the Court sentenced Lone Fight to 77 months imprisonment on each count, to be run consecutive, for a total of 231 months.  <u>See</u> Docket No. 33.  In imposing that sentence, the Court stated the following:

> I firmly believe, sir, that 77 to 96 months is not long enough when three innocent people's lives were taken from them as a result of drunk driving and by an individual that presents the kind of history that you present.  It's shocking to me that there haven't been other fatalities, drunk driving incidents before this time.

> I've also carefully reviewed the sentencing guidelines and particularly Section 5G1.2.  And I've reviewed, as I indicated in my letter, a case from the Eighth Circuit entitled *United States versus Kreitinger* issued on August 5, 2009, which addresses the subject of when and under what circumstances consecutive sentences may be warranted.  Believe me, I don't take these cases lightly, and I have not taken this case lightly.

> But in my view, sir, a consecutive sentence in this case is warranted.  I think it would account for the seriousness of your criminal conduct.  I think it would address your ongoing nature of alcohol offenses.  I think it would address the fact that there's, in my view, a very serious likelihood that you will reoffend and continue to drink and commit another senseless crime unless you are placed in a prison environment for longer than 77 to 96 months.

> . . .

> When I look at all the factors that I'm required to consider, I need to do something to protect the public.  I need to deter criminal conduct.  I need to do something that reflects the seriousness of this offense and promotes respect for the law and provides just punishment. . . .

> So I am aware of my discretion and authority to adhere to the guidelines, to depart from the guidelines, but in this case I firmly believe that consecutive sentences are warranted and reasonable and will address each and every one of those 3553(a) factors that I need to address.  I want to make sure that another senseless crime does not get committed on the roadways of North Dakota.  I want to make sure

that there's never another family that has to bear the loss of a child or a daughter or a mother or a wife like what occurred in this case.

See Docket No. 40, pp. 28-30.

Lone Fight appealed the judgment on November 3, 2009. See Docket No. 34. The Eighth Circuit Court of Appeals affirmed the judgment on November 22, 2010. See Docket No. 42; United States v. Lone Fight, 625 F.3d 523 (8th Cir. 2010). Lone Fight argued before the Eighth Circuit that the Court incorrectly applied U.S.S.G. § 5G1.2 in imposing consecutive sentences. The Eighth Circuit agreed with Lone Fight that U.S.S.G. § 5G1.2 did not call for consecutive sentences in this case, but concluded that the Court imposed consecutive sentences based on the factors set forth in 18 U.S.C. § 3553(a). The Eighth Circuit stated, "Applying a deferential abuse-of-discretion standard of review, we conclude that the court's decision to impose consecutive sentences and a term of 231 months' imprisonment was not substantively unreasonable." Lone Fight, 625 F.3d at 526.

On September 19, 2011, Lone Fight filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody." See Docket No. 45. Lone Fight contends that he received ineffective assistance of counsel because his attorney did not challenge the indictment or sentence as multiplicitous. He argues further that according to Dillon v. United States, 130 S. Ct. 2683 (2010), U.S.S.G. § 5G1.2 is mandatory and imposing consecutive sentences was error. Lone Fight acknowledges that Dillon was presented to the Eighth Circuit Court of Appeals in a supplemental brief pursuant to Fed. R. App. P. 28(j). See Docket No. 45, p. 10.

On November 30, 2011, the Government filed a brief in opposition to Lone Fight's motion. See Docket No. 47. The Government contends that Lone Fight did not receive ineffective assistance of counsel because it is not reasonably probable that a motion to dismiss the allegedly multiplicitous

counts of the indictment would be successful.  The Government also contends that his argument based on <u>Dillon</u> is inappropriate for a motion under 28 U.S.C. § 2255.

## II.     <u>STANDARD OF REVIEW</u>

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'"  <u>King v. United States</u>, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)).  "The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  To establish a claim for ineffective assistance of counsel, a § 2255 movant must demonstrate that counsel's representation was deficient and that he suffered prejudice as a result."  <u>Theus v. United States</u>, 611 F.3d 441, 446 (8th Cir. 2010) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

Deficient performance exists when the attorney's performance "falls below the 'range of competence demanded of attorneys in criminal cases.'"  <u>Id.</u> (quoting <u>Strickland</u>, 466 U.S. at 687). An objective standard of reasonableness is the test to apply for deficiency of performance.  <u>Marcrum v. Luebbers</u>, 509 F.3d 489, 502 (8th Cir. 2007) (citing <u>Strickland</u>, 466 U.S. at 688).  Several factors are used to determine reasonableness:  "we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the [Government's] case."  <u>Id.</u> (citing <u>Strickland</u>, 466 U.S. at 690).  The defendant bears the burden of proving "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  <u>Id.</u> (quoting <u>Kimmelman v. Morrison</u>,

477 U.S. 365, 384 (1986)). Because of the inherent difficulties in evaluating defense counsel's conduct at the time of performance, there is a strong presumption that counsel's performance is reasonable and "might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689.

If the defendant can show his counsel's representation was deficient, he must then show that the deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687. The defendant must show "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Marcrum</u>, 509 F.3d at 503 (internal citations omitted).

The standard set forth in <u>Strickland</u> requires that judicial scrutiny of defense counsel's performance be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Strickland</u>, 466 U.S. at 689.

## III.  <u>LEGAL DISCUSSION</u>

### A.  <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Lone Fight contends that he received ineffective assistance of counsel because his attorney did not move to dismiss the allegedly multiplicitous counts of the indictment. To show he was prejudiced by the allegedly insufficient assistance he received, Lone Fight must show a reasonable probability that such a motion would be successful. <u>Marcrum</u>, 509 F.3d at 503.

Lone Fight contends that the indictment is multiplicitous because he was charged with three counts of involuntary manslaughter arising out of a single act. In <u>United States v. Christner</u>, the Eighth Circuit Court of Appeals explained:

> "An indictment which charges a single offense in multiple counts is multiplicitous." <u>United States v. Rimell</u>, 21 F.3d 281, 287 (8th Cir.) (citing <u>Gerberding v. United States</u>, 471 F.2d 55, 58 (8th Cir. 1973)), cert. denied, 115 S. Ct. 453 (1994). "The vice of this practice is that multiple sentences may result. Likewise, it may suggest to the jury that the defendant committed more than one crime." <u>United States v. Dixon</u>, 921 F.2d 194, 196 (8th Cir. 1990) (citing <u>United States v. Kazenbach</u>, 824 F.2d 649, 651 (8th Cir. 1987); 1 Charles A. Wright, Federal Practice and Procedure § 142, at 469, 475-76 (1982)).

<u>United States v. Christner</u>, 66 F.3d 922, 927 (8th Cir. 1995).

The Eighth Circuit uses the following test to determine whether charges are multiplicitous:

> First, a court must ask whether Congress "intended that each violation be a separate offense." . . . If it did not, there is no statutory basis for the two prosecutions, and the double jeopardy inquiry is at an end. . . . Second, if Congress intended separate prosecutions, a court must then determine whether the relevant offenses constitute the "same offense" within the meaning of the Double Jeopardy Clause.
>
> [<u>United States v. Bennett</u>, 44 F.3d 1364, 1373 (8th Cir. 1995)] (citations omitted). As to this second inquiry, the court explained "the double jeopardy bar applies only to prosecutions or convictions which cannot survive the 'same elements' test." <u>Id.</u> As stated above, "where the same act or transaction constitutes a violation of two distinct statutory provisions," the test "is whether each provision requires proof of a fact which the other does not." [<u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932)].

<u>Id.</u> at 928.

Lone Fight pled guilty to three counts of involuntary manslaughter in violation of 18 U.S.C. § 1122, which provides:

> (a)    Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

. . .

> Involuntary–In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

18 U.S.C. § 1122(a). Lone Fight was charged with one count of involuntary manslaughter for each of the victims. He contends that the charges are multiplicitous because they arose from the same event.

The Government contends that the death of each victim should be charged as a separate count because the statute criminalizes "the unlawful killing of <u>a human being</u>." <u>Id.</u> (emphasis added). In <u>Jackson v. United States</u>, 926 F.2d 763 (8th Cir. 1991), the Eighth Circuit considered charges under the National Firearms Act. The court concluded that each unregistered firearm that the Defendant possessed constituted a separate unit of prosecution. The court explained:

> Section 5861, part of the National Firearms Act, prohibits, *inter alia*, the manufacture, receipt or possession, and transfer of "a firearm" which is unregistered. Each unregistered firearm supports a separate unit of prosecution under the statute, and the same firearm may generate violations of more than one provision of section 5861. <u>United States v. Nichols</u>, 731 F.2d 545, 546-47 (8th Cir.), cert. denied, 469 U.S. 1085, 105 S. Ct. 589, 83 L. Ed. 2d 699 (1984).

<u>Id.</u> at 764. The Government argues that, just as each unregistered firearm supports a separate unit of prosecution under the National Firearms Act, each of Lone Fight's victims supports a separate unit of prosecution. The Court agrees.

Congress's use of "a human being" instead of "any human being" in the statute implies that Congress intended each violation of the statute constitute a separate offense. In addition, each count requires proof of an element the others do not, i.e. the identity of the victim. The Court finds that Lone Fight was not prejudiced by his defense counsel's assistance because there is no reasonable probability that a motion to dismiss the indictment as multiplicitous would have been successful.

**B.     APPLICATION OF U.S.S.G. § 5G1.2**

As his second ground for relief, Lone Fight contends that Section 5G1.2 of the United States Sentencing Guidelines mandates that his sentences be run concurrent, and that Section 5G1.2 is mandatory after the United States Supreme Court's decision in Dillon.  The Government contends that this argument is inappropriate for a motion under 28 U.S.C. § 2255, and that Lone Fight waived this argument in his plea agreement.

The Eighth Circuit recently discussed the scope of motions under 28 U.S.C. § 2255 in Sun Bear v. United States, 644 F.3d 700 (8th Cir, 2011):

> Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." [Davis v. United States, 417 U.S. 333, 343 (1974)]. Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). It provides a remedy for jurisdictional and constitutional errors . . . Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id., quoting Hill v. United States, 368 U.S. 424, 428 (1962).

> These principles are reflected in the text of § 2255, which the Supreme Court described as "somewhat lacking in precision" in Davis, 417 U.S. at 343.  A § 2255 motion may be filed by a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a).  The court shall grant appropriate relief if it finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b).

> Applying these principles, this court and our sister circuits have consistently held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995);  accord United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999), and cases cited; United States v.

Williamson, 183 F.3d 458, 462 (5th Cir. 1999); Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996).  Therefore, such questions "may not be re-litigated under § 2255."  United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000).

Sun Bear, 644 F.3d at 704.  The Eighth Circuit also explained, "With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal."  Id. at 702 (citing Davis, 417 U.S. 346-47).

Lone Fight's plea agreement states:

> The defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶6(3) premised on a right newly recognized by the United States Supreme Court.

See Docket No. 19, p. 12.  Lone Fight acknowledges that he had an opportunity to argue the effect of Dillon before the Eighth Circuit Court of Appeals.  See Docket No. 45, p. 10.

The Court finds that Lone Fight's second ground for relief is not appropriate for review under 28 U.S.C. § 2255.  In the plea agreement, Lone Fight expressly waived his right to argue misapplication of the Sentencing Guidelines as a grounds for relief under 28 U.S.C. § 2255.  The Eighth Circuit has also concluded that such a claim is not cognizable under Section 2255.  In addition, Lone Fight has already had the opportunity to present this argument on direct appeal.  For these reasons, Lone Fight's claim that the Court misapplied U.S.S.G. § 5G1.2 is inappropriate for review under 28 U.S.C. § 2255.

### III.    <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons explained above, Lone Fight's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence, By A Person In Federal Custody" (Docket No. 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court