# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTIONS TO ALTER JUDGMENT** |
| vs. | ) | **AND FOR CERTIFICATE OF** |
| | ) | **APPEALABILITY** |
| Randolph Lone Fight, | ) | |
| | ) | Case No. 4:09-cr-003 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Randolph Lone Fight, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11-cv-075 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is "Petitioner Randolph Lone Fight's Combined Motion to Alter or Judgement Denying § 2255 Relief (F. R. Civ. P. 59(e)) & Request for Certificate of Appealability" filed on March 1, 2012. See Docket No. 51. The Government filed a response in opposition to the motions on March 8, 2011. See Docket No. 52. The petitioner, Randolph Lone Fight, filed a reply brief on March 23, 2012. See Docket No. 53. For the reasons explained below, the motions are denied.

I.   **BACKGROUND**

On February 15, 2012, the Court filed an order denying Lone Fight's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence, By A Person In Federal Custody." See Docket No. 49. The Court found that Lone Fight did not receive ineffective assistance of counsel because there is no reasonable probability that a motion to dismiss the indictment as multiplicitous would have been successful. The Court further found that Lone Fight's claim that the Court misapplied U.S.S.G. § 5G1.2 is inappropriate for review under 28 U.S.C. § 2255. The Clerk of Court's office issued a judgment dismissing Lone Fight's petition on February 15, 2012. See Docket No. 50.

On March 1, 2012, Lone Fight filed a motion to amend the judgment and for a certificate of appealability. See Docket No. 51. Lone Fight makes the same arguments in support of his motion to amend the judgment that he made in support of his habeas petition under 28 U.S.C. § 2255. In support of the motion for a certificate of appealability, Lone Fight contends that reasonable jurists would doubt the propriety of the Court's order with regard to the claim of ineffective assistance of counsel. Specifically, Lone Fight argues that reasonable jurists would differ as to the Court's interpretation of the manslaughter statute.

The Government filed a response in opposition to Lone Fight's motion on March 8, 2012. See Docket No. 52. The Government contends the Court properly interpreted the manslaughter statute in rejecting Lone Fight's claim of ineffective assistance of counsel. The Government further argues that the Court should not issue a certificate of appealability because Lone Fight has argued only that the interpretation of the manslaughter statute is an unsettled area of law, not that he was denied a constitutional right.

## II. LEGAL DISCUSSION

### A. MOTION TO AMEND JUDGMENT

Rule 59(e) of the Federal Rules of Civil Procedure allows a petitioner to file a motion to alter or amend a judgment no less than 28 days after a judgment is entered. A Rule 59(e) motion "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 714 (8th Cir. 2011) (quoting Lowry v. Watson Chapel Sch. Dist., 540 F.3d 752, 761 (8th Cir.2008)). Lone Fight has not presented any new evidence, nor has he made any arguments other than those made in support of his motion under 28 U.S.C. § 2255. The Court finds the order denying Lone Fights motion under 28 U.S.C. § 2255 was properly decided and did not include manifest errors of law or fact. Lone Fight's Rule 59(e) motion to amend the judgment is denied.

### B MOTION FOR CERTIFICATE OF APPEALABILITY

A petitioner can not appeal from an order on a motion under 28 U.S.C. § 2255 unless a certificate of appealability is issued by the court. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court has explained the showing required under 28 U.S.C. § 2253, "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Lone Fight contends that reasonable jurists would find the Court's interpretation of the manslaughter statute debatable. Lone Fight cites to Carrow v. Merit Sys. Prot. Bd., 564 F.3d 1359 (Fed. Cir. 2009). In Carrow, the Federal Circuit Court of Appeals upheld the Office of Personnel Management's interpretation of 38 U.S.C. § 7511(a)(1)(C)(ii), which provides that an individual is considered an "employee" if he or she " has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less."  The Office of Personnel Management interpreted the phrase "an Executive agency" to mean any Executive agency, that is the two years of continuous service need not be with the same Executive agency. The Court of Appeals found this to be a reasonable resolution of the issue. Lone Fight also asserts that the Ninth Circuit Court of Appeals' model jury instruction on involuntary manslaughter does not include the name of the victim as an element of the offense.

The Court finds that Lone Fight has not met his burden of demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. Lone Fight's citation to Carrow is not persuasive. While the Federal Circuit found that the phrase "an Executive agency" could reasonably be interpreted as "any Executive agency," that does not mean the same interpretation would hold true with a criminal statute. Lone Fight's citation to the Ninth Circuit's model jury instructions is equally unpersuasive. He does not cite to any case law in any circuit in which a court interpreted the phrase "a human being" or any similar phrase to mean that an injury to multiple human beings would constitute one unit of prosecution. Therefore, Lone Fight's motion for a certificate of appealability is denied.

## III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons explained above, Lone Fight's "Combined Motion to Alter or Judgement Denying § 2255 Relief (F. R. Civ. P. 59(e)) & Request for Certificate of Appealability" (Docket No. 51) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2012.

                                          */s/ Daniel L. Hovland*
                                          Daniel L. Hovland, District Judge
                                          United States District Court